IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE<br><br>ESJ TOWERS INC<br><br>Debtor | CASE NO. 22-01676 (ESL)<br><br>CHAPTER 11 |
| OWEN WINCIG; REGINA WINCIG; KYLE WINCIG; RYAN WINCIG; TYLER WINCIG<br><br>Plaintiffs<br><br>vs.<br><br>FORTALEZA EQUITY PARTNERS 2, LLC; FORTALEZA HOSPITALITY L.L.C.; FORTALEZA ESJ, L.L.C.; ESJ TOWERS VACATION CLUB LLC; BLACK BRIAR PUERTO RICO LIMITED LIABILITY COMPANY; BLACK BRIAR ADVISORS LLC; and ESJ TOWERS, INC.<br><br>Defendants | ADVERSARY NO. 25-00006<br><br><br><br><br><br><br><br><br><br><br>FILED AND ENTERED 7/22/2026 |

OPINION AND ORDER

The present adversary proceeding is before the court upon the *Motion for Reconsideration* filed by Plaintiffs (dkt. #112) requesting that the *Opinion and Order* (dkt. #108) and *Judgment* (dkt. #109) entered on February 24, 2026 be reconsidered and vacated under Fed. R. Civ. P. 59(e), that Plaintiffs be allowed to file an amended complaint, and that the motions to dismiss filed by Fortaleza Equity Partners 2, LLC ("**Fortaleza Equity**"), Fortaleza Hospitality L.L.C. ("Fortaleza **Hospitality**"), Fortaleza ESJ, L.L.C. ("**Fortaleza ESJ**"), and ESJ Towers Vacation Club LLC ("**ESJ Towers Vacation Club**", and jointly with Fortaleza Equity, Fortaleza Hospitality and Fortaleza ESJ, "**Fortaleza**") (dkt. #73, 74), Black Briar Puerto Rico LLC ("**Black Briar PR**") and Black Briar Advisors LLC ("**Black Briar Advisors**", and jointly with Black Briar PR, "**Black Briar**") (dkt. #86), and ESJ Towers, Inc. ("**Debtor**", and jointly with Fortaleza and Black Briar, the "**Defendants**") (dkt. #88, 92) be denied because Plaintiffs' claims arise directly from the

-1-

administration of the bankruptcy case and the interpretation of this court's own orders. Also before ththe is court re Fortaleza's response (dkt. #113), Black Briar's opposition (dkt. #114), Plaintiffs' omnibus reply (dkt. #121), and Black Briar's reply (dkt. #127).

Applicable Law and Discussion

(A)     Motion for Reconsideration Standard under Fed. R. Civ. P. 59(e)

Motions for reconsideration "are not recognized by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure in *haec verba*." In re Mujica, 470 B.R. 251, 253 (Bankr. D.P.R. 2012), *aff'd*, 492 B.R. 355 (D.P.R. 2013). See also Lavespere v. Niagara Mach. & Tool Works Inc., 910 F.2d 167, 173 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075–76 (5th Cir. 1994); In re Pabon Rodriguez, 233 B.R. 212, 218 (Bankr. D.P.R. 1999), *aff'd*, 2000 WL 35916017 (B.A.P. 1st Cir. 2000), *aff'd*, 17 F. App'x 5 (1st Cir. 2001), citing Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Portugues–Santa v. B. Fernandez Hermanos, Inc., 614 F.Supp.2d 221, 225 (D.P.R. 2009); In re Martinez, 2013 WL 3808076, at *4 (Bankr. D.P.R. 2013); In re Acosta, 497 B.R. 25, 31 (Bankr. D.P.R. 2013). Rather, federal courts have considered motions so denominated as either a motion to "alter or amend" under Fed. R. Civ. P. 59(e) or a motion for relief of judgment or order under Fed. R. Civ. P. 60(b)[1]. See Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) (noting a motion for reconsideration implicated either Fed. R. Civ. P. 59(e) or 60(b)).

"These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within [fourteen (14)] days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b)." Pabon Rodriguez, 233 B.R. at 219, quoting Van Skiver, 952 F.2d at 1243.

"The substance of the motion, not the nomenclature used or labels placed on motions, is controlling." In re Lozada Rivera, 470 B.R. 109, 112–113 (Bankr. D.P.R. 2012). Thus, for

---

[1] Fed. R. Civ. P. 59(e) and 60(b)(1) are made applicable to adversary proceedings under Fed. R. Bankr. P. 9023 and 9024, respectively.

-2-

example, even if filed within the time limit for a motion under Fed. R. Civ. P. 59(e), a motion seeking relief on grounds of "excusable neglect" will be treated as a Fed. R. Civ. P. 60(b)(1) motion, because Fed. R. Civ. P. 59(e) does not provide a vehicle for a party to undo its own procedural failures. See In re Lozada Rivera, 470 B.R. at 113, citing 12–60 Moore's Federal Practice Civil § 60.03. Also see United States v. $23,000 in U.S. Currency, 356 F.3d 157, 164–165 (1st Cir. 2004) (even if timely filed under Fed. R. Civ. P. 59(e), a motion seeking relief on grounds of excusable neglect will be treated as Fed. R. Civ. P. 60(b)(1) motion, because Fed. R. Civ. P. 59(e) does not provide a vehicle for party to undo its own procedural failures); Jennings v. Rivers, 394 F.3d 850, 854–856 (10th Cir. 2005) (a motion timely filed under Fed. R. Civ. P. 59(e) but asserting ground for relief specified under Fed. R. Civ. P. 60(b), should be evaluated under standards applicable to Fed. R. Civ. P. 60(b) motions).

Fed. R. Civ. P. 59(e) authorizes the filing of a written motion to alter or amend a judgment after its entry. To meet the threshold requirements of a successful Fed. R. Civ. P. 59(e) motion, such motion must demonstrate the "reason why the court should reconsider its prior decision" and "must set forth facts or law of a strongly convincing nature" to induce the court to reverse its earlier decision. In re Schwartz, 409 B.R. 240, 250 (B.A.P. 1st Cir. 2008), citing Pabon Rodriguez, 233 B.R. at 218. See also Mujica, 470 B.R. at 254. For a motion for reconsideration to succeed, "the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." In re Redondo Constr. Corp., 2019 WL 6130938, at *3 (Bankr. D.P.R. 2019), *aff'd*, 621 B.R. 81 (D.P.R. 2020), quoting Mulero-Abreu v. P.R. Police Dep't, 675 F.3d 88, 94 (1st Cir. 2012). See also Pabon Rodriguez, 233 B.R. at 218; BBVA v. Vazquez (In re Vazquez), 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012), citing Aybar v. Crispin–Reyes, 118 F.3d 10, 16 (1st Cir. 1997); In re Zutrau, 563 B.R. 431, 449 (B.A.P. 1st Cir. 2017), citing Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7, n. 2 (1st Cir. 2005), quoting Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146, n. 2 (1st Cir. 2004).

Federal courts have consistently stated that a motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources. See Pabon Rodriguez, 233 B.R. at 218. In practice, Fed. R. Civ. P. 59(e) motions are typically denied because of the narrow purposes for which they are intended. See id.; Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 245 (1st Cir. 2007) (motions under Fed. R. Civ. P. 59(e) are reviewed for abuse of discretion, reversing only where "the original judgment evidenced a manifest error of law ... or in certain other narrow situations").

"A motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment." Redondo, 2019 WL 6130938 at *2, quoting Marks 3-Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006). When a party is made aware that a particular issue will be relevant to its case but fails to produce readily available evidence pertaining to that issue, the party may not introduce that evidence to support a Fed. R. Civ. P. 59(e) motion. See Pabon Rodriguez, 233 B.R. at 218. "Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration." Redondo, 2019 WL 6130938 at *3, quoting Lepore v. Vidockler, 792 F. 2d 272, 274 (1st Cir. 1986). Neither can the party use this motion to raise novel legal theories that it had the ability to address in first instance. See Pabon Rodriguez, 233 B.R. at 218. A motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated and decided by the court. See Standard Química de Venezuela v. Central Hispano International, Inc., 189 F.R.D. 202, 205, n. 4 (D.P.R. 1999). A such, a party moving for Fed. R. Civ. P. 59(e) relief may not repeat arguments previously made, see Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008), "rehash arguments previously rejected or … raise ones that 'could, and should, have been made before judgment issued." Soto-Padró v. Public Buildings Authority, 675 F.3d 1, 9 (1st Cir. 2012) (citations omitted). "[M]otions for reconsideration should not give parties a 'second bite at the apple' or 'another roll of the dice' ".

-4-

Redondo, 2019 WL 6130938 at *2, quoting Conway v. A.I. DuPont Hosp. for Children, 2009 WL 1492178, at *4 (E.D. Pa. 2009). Also see In re Vazquez, 471 B.R. at 761("in denying reconsideration, the bankruptcy court correctly applied the First Circuit precedent against a second bite at the apple: litigants may not use Fed. R. Civ. P. 59(e) to advance arguments they could have made earlier"). "It is therefore exceedingly difficult for a litigant to succeed in a Fed. R. Civ. P. 59(e) motion." In re Mujica, 470 B.R. at 254, citing ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008).

(B)    Discussion

After due consideration of the allegations and arguments in the *Motion for Reconsideration*, together with the detailed factual findings and legal analysis set forth in in this court's *Opinion and Order* entered on February 24, 2026 (dkt. #108), the court is not moved to alter any of its conclusions. The court finds that the *Motion for Reconsideration* presents no newly discovered evidence to warrant reconsideration of prior findings, and identifies no manifest error of law. Contrary to the averments in the *Motion for Reconsideration*, the court may take judicial notice of its own docket. See LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.), 196 F.3d 1, 8 (1st Cir. 1999) ("The bankruptcy court appropriately took judicial notice of its own docket."). As explained in its *Opinion and Order*, the court took judicial notice, pursuant to Fed. R. Evid. 201, of the order in which Debtor's assets were assigned, and of the certificates of service and orders filed and entered in the lead bankruptcy case, as permitted under Fed. R. Civ. P. 12(b)(6). Thus, the court declines to revisit its decision dismissing this action, and reaffirms its prior conclusion, that is:

> Here, pursuant to Paragraph 8.1 of the confirmed plan, "[a]ll unexpired leases, executory contracts and other contracts … which (i) have not expired by their own terms on or prior to the Confirmation Date, (ii) have not been assumed and assigned to the purchaser of Debtor's assets, as indicated in the APA, prior to the Effective Date, **shall be deemed rejected**." Bankr. Case No. 22-01676, dkt. #1838-1, p. 23, ¶ 8.1 (boldface added). Pursuant to Paragraph 8.2 of the confirmed plan, "if the rejection … results in a claim for damages … any claim for such damages, if not evidenced by a filed proof of claim, **shall be forever barred** and shall not be enforceable **against Debtor**, or its properties or agents, successors, **or assigns**,

unless a proof of claim is filed with the Bankruptcy Court …" Id., ¶ 8.2 (boldface added).

The record does not reflect that the Agreement for Interval 1171-25 was formally assumed and/or assumed and assigned prior to plan confirmation or as part of the sale of Debtor's assets; that a proof of claim was timely filed by Plaintiffs in accordance with the terms of the confirmed plan; that Plaintiffs objected to either confirmation or the sale of Debtor's assets; or, that Plaintiffs petitioned the court for Debtor to assume or reject Interval 1171- 25 within a specific time, or for adequate assurance of future performance. The record does reflect that both confirmation and the sale of Debtor's assets was consensual; that if unexpired leases, executory contracts and other contracts were not assumed and assigned prior to the closing of the sale, such agreement was deemed rejected under the terms of the Confirmation Order, the Plan, the Sale Order, and the APA. These facts, taken together, evince that Interval 1171-25 were deemed rejected under the terms of the confirmed plan, which has res judicata effect. See 11 U.S.C. § 1141(a).

To the extent Counts I, II, III, and IV seek relief against the Debtor in connection with the rejection of Interval 1171-25, which are barred under the Amended Bidding Procedures Order, Paragraph 8.2 of the Plan, the Confirmation Order, the Sale Order, and the APA, and the assets are no longer property of the Debtor or the bankruptcy estate, they fail to state a claim for which relief may be granted under Fed. R. Civ. P. 12(b)(6). As such, Counts I, II, III, and IV are dismissed with respect to the Debtor.

The court will now address the relief requested against the non-debtor parties based on this court's prior orders, the Agreement, and the Puerto Rico Vacation Ownership Act. To the extent Count I seeks relief against (i) Fortaleza Equity, (ii) Fortaleza ESJ, and (iii) ESJ Tower Vacation Club in connection with the rejection of Interval 1171-25, which are barred under the Amended Bidding Procedures Order, Paragraph 8.2 of the Plan, the Confirmation Order, the Sale Order, and the APA, they fail to state a claim for which relief may be granted under Fed. R. Civ. P. 12(b)(6). As such, Count I is dismissed with respect to (i) Fortaleza Equity, (ii) Fortaleza ESJ, and (iii) ESJ Tower Vacation Club.

To the extent any remaining counts seek relief against non-debtor third parties, namely (i) Fortaleza Equity, (ii) Fortaleza ESJ, (iii) ESJ Tower Vacation Club, (iv) Fortaleza Hospitality, (v) Black Briar PR, and (vi) Black Briar Advisors on account of alleged contractual or statutory vacation club membership rights under the Puerto Rico Vacation Ownership Act, this court is moved to exercise its discretion to permissively or discretionally abstain under 28 U.S.C. § 1334(c)(1). See In re Harland Corporation, 2025 WL 338052 (Bankr. D.P.R. 2025) (noting that abstention is appropriate where state law predominates). The effect or lack thereof of any remaining counts on the administration of the Debtor's bankruptcy estate and/or the confirmed plan also moves this court to abstain. The foregoing does not bar Plaintiffs from pursuing their claims against the non-debtor parties in accordance with Puerto Rico law.

dkt. #108, pp. 20-22, lines 19-24 (boldface original).

Conclusion

In view of the foregoing, Plaintiffs' *Motion for Reconsideration* (dkt. #112) is hereby DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 22nd day of July 2026.

Enrique S. Lamoutte
United States Bankruptcy Judge